| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| EASTERN DISTRICT OF VIRGINIA |
| Case number *(if known)* _____  Chapter  **11** |
| ☐ Check if this an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  
Model Tobacco Development Group, LLC

**2. All other names debtor used in the last 8 years**  
Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**  
82-4435194

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 5103 Yuma St NW<br>Washington, DC 20016 | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| District of Columb | Location of principal assets, if different from principal place of business |
| County | 1100 Richmond Highway Richmond, VA 23224 |
| | Number, Street, City, State & ZIP Code |

**5. Debtor's website (URL)** _____

**6. Type of debtor**  
■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  
☐ Partnership (excluding LLP)  
☐ Other. Specify: _____

Debtor **Model Tobacco Development Group, LLC**  Case number (*if known*) _____
    Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__5313__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. Check **all** that apply:

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the A*ttachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| | District | When | Case number |
|---|---|---|---|
| | _____ | _____ | _____ |
| | _____ | _____ | _____ |

Debtor **Model Tobacco Development Group, LLC**     Case number (*if known*) _____
    Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

| | | |
|---|---|---|
| Debtor _____ | | Relationship _____ |
| District _____ | When _____ | Case number, if known _____ |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
   Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes. Insurance agency _____
      Contact name _____
      Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

■ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
■ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000

☐ $1,000,001 - $10 million

☐ $500,000,001 - $1 billion

Debtor   **Model Tobacco Development Group, LLC**_____  Case number (*if known*)_____
Name

- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million

- ■ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million

- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

Debtor **Model Tobacco Development Group, LLC**  Case number (*if known*)
Name

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **December 30, 2024**
MM / DD / YYYY

X **/s/ Christopher A. Harrison**       **Christopher A. Harrison**
Signature of authorized representative of debtor       Printed name

Title **Manager of McKenzie Blake Development Company, manager**

**18. Signature of attorney**

X **/s/ Justin P. Fasano**       Date **December 30, 2024**
Signature of attorney for debtor       MM / DD / YYYY

**Justin P. Fasano**
Printed name

**McNamee Hosea, P.A.**
Firm name

**6404 Ivy Lane, Suite 820**
**Greenbelt, MD 20770**
Number, Street, City, State & ZIP Code

Contact phone **301-441-2420**       Email address **jfasano@mhlawyers.com**

**75983 VA**
Bar number and State

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **MODEL TOBACCO DEVELOPMENT GROUP, LLC** | ) ) ) | 24- |
| | ) | **CHAPTER 11** |
| **Debtor and Debtor in Possession.** | ) ) | |

## NOTES TO PETITION

Model Tobacco Development Group, LLC ("Debtor"), by and through counsel, McNamee Hosea, P.A., with the assistance of its advisors, has filed with its Petition, a (1) List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders; and (2) Creditor's Matrix with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"), pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). These Notes pertain to, are incorporated by reference in, and comprise an integral part of all of the Debtor's Petition. The Global should be referred to, considered, and reviewed in connection with any review of the Petition.

The Petition does not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor is it intended to be fully reconciled with the financial statements of the Debtor. Additionally, the Petition contains unaudited information that is subject to further review and potential adjustment, and reflect the Debtor's reasonable best efforts to report the assets and liabilities of the Debtor based on the information available to it. The Debtor and its agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided

1

herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.

The Debtor has signed the Petition. In reviewing and signing the Petition, the Debtor necessarily has relied upon the efforts, statements, and representations of its advisors. The Debtor has not (and could not have at this time) personally verified the accuracy of each statement and representation contained in the Petition, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

Reasonable efforts have been made to prepare and file as complete and accurate a petition as possible; however, inadvertent errors or omissions may exist. The Debtor reserves all rights to amend or supplement the Petition from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Petition with respect to any claim ("Claim") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Petition as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Petition as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such Claim or amount is not "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Petition shall constitute a waiver of rights with respect to the Debtor's chapter 11 case, including, without limitation, issues involving Claims, substantive consolidation, defenses,

2

equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Notes does not limit in any respect the general reservation of rights contained in this paragraph.

In compiling its list of 20 largest creditors, the Debtor has not excluded insiders, nor has it assigned a value to its collateral.  Thus, all secured creditors are listed as having fully unsecured claims.  Before filing its schedules and statement of financial affairs, it will update the value of its secured lender's collateral, and according the amount of their secured and unsecured claims.  The Debtor does not, at this time, have a tenant list.  Tenants will be added to the Debtor's creditor matrix as soon as possible.

MODEL TOBACCO DEVELOPMENT GROUP LLC

UNANIMOUS WRITTEN CONSENT OF MANAGER
IN LIEU OF SPECIAL MEETING AS OF DECEMBER 30, 2024

The undersigned, being the Manager (the "Manager") of Model Tobacco Development Group, LLC, a Virginia limited liability company (the "Company"), does hereby adopt the following recitals and resolutions, and consents to the actions taken by virtue thereof, in all respects as though said recitals and resolutions were duly adopted by unanimous written consent of the undersigned this 30th day of December 2024:

**WHEREAS**, the Manager is informed and has determined that it is desirable and in the best interest of the Company, its creditors, its members, the Manager, and other interested parties, that the Company file a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

**WHEREAS**, the Manager is informed and has determined that it is desirable and in the best interest of the Company, its creditors, its members, the Manager, and other interested parties, that the Company retain McNamee Hosea, P.A. ("Counsel") as its bankruptcy and restructuring counsel.

**NOW, THEREFORE, BE IT RESOLVED**, that the filing by the Company of a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") or such other court as may be recommended, be, and it hereby is, authorized and approved; and it is further

**RESOLVED**, that the Manager of the Company (the "Proper Officer") be, and hereby is, authorized and empowered, in the name of the Company, to execute and verify a petition for relief under chapter 11 of the Bankruptcy Code, and such other petitions, schedules, lists, documents, pleadings, and other papers as Counsel shall deem necessary and appropriate, and to cause the same to be filed with the Bankruptcy Court on or as soon after December 30, 2024 as possible and take such other actions as Counsel shall deem necessary and appropriate; and it is further

**RESOLVED**, that in connection with the commencement of the chapter 11 case, Counsel be, and hereby is, authorized, empowered, and directed on behalf of the Company, to prepare and file a motion seeking the appointment of a chapter 11 trustee for the Company; and it is further

**RESOLVED**, that the Proper Officer be, and hereby is, authorized and directed to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all further actions and to execute and deliver any and all further instruments and documents and pay all expenses (subject to Bankruptcy Court approval, where necessary), in each case as in such Proper Officer's judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purpose of the resolutions adopted herein; and it is further

**RESOLVED**, that all acts done or actions taken heretofore by any and the Proper Officer, which are necessary to effectuate the intent of the resolutions adopted herein, are hereby in all respects ratified, confirmed, and approved; and it is further

**RESOLVED**, that this Written Consent shall serve in lieu of any required special meeting and the undersigned hereby waive all requirements as to notice of a meeting; and it is further

**RESOLVED,** that this Written Consent may be executed in ".pdf", facsimile or DocuSign, and in any number of counterparts, each of which shall be deemed an original and all of which taken together shall constitute one and the same instrument.

WITNESS the due execution hereof as of the date set forth above.

MANAGER:		Model Tobacco Development Group, LLC


By:	/s/ Christopher A. Harrison
		Christopher A. Harrison, Manager
		The McKenzie Blake Development Company, LLC
		Manager of Model Tobacco Development Group LLC

The undersigned Initial Members hereby consent to the Resolutions hereinabove:

MEMBER:		CAH Model Tobacco, LLC


By:		/s/ Christopher A. Harrison
		Christopher A. Harrison
		Manager

MEMBER:		MK Richmond LLC


By:	/s/ Steven S. Snider
		Steven S. Snider
		Manager

MEMBER:		SS Richmond LLC


By:	Steven S. Snider
		Steven S. Snider
		Manager

2

MEMBER:         Model Tobacco Master Tenant, LLC

        By:   Christopher A. Harrison
              By: Model Tobacco Master Tenant MM, LLC
              By: The McKenzie Blake Development Company, LLC
              By: Christopher A. Harrison, Manager

3

**Fill in this information to identify the case:**

Debtor name: **Model Tobacco Development Group, LLC**

United States Bankruptcy Court for the: EASTERN DISTRICT OF VIRGINIA

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*  _____
■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration   _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **December 30, 2024**       X **/s/ Christopher A. Harrison**
                                              Signature of individual signing on behalf of debtor

                                              **Christopher A. Harrison**
                                              Printed name

                                              **Manager of McKenzie Blake Development Company, manager**
                                              Position or relationship to debtor

Fill in this information to identify the case:

Debtor name: **Model Tobacco Development Group, LLC**
United States Bankruptcy Court for the: **EASTERN DISTRICT OF VIRGINIA**
Case number (if known):

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders  12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Virginia Housing Dev Authority**<br>601 S Belvidere Street<br>Richmond, VA 23220 | | | **Contingent**<br>**Unliquidated**<br>**Disputed** | $34,700,000.00 | $0.00 | $34,700,000.00 |
| **Cedar Rapids Bank and Trust Co**<br>5400 Council St NE<br>Cedar Rapids, IA 52402 | | | **Contingent**<br>**Unliquidated**<br>**Disputed** | $4,500,000.00 | $0.00 | $4,500,000.00 |
| **Walter Parks Architects**<br>313 N. Adams Street<br>Richmond, VA 23220 | **Walter Parks**<br><br>wparks@wparks.com | **Business Debt** | **Contingent**<br>**Unliquidated**<br>**Disputed** | | | $446,128.00 |
| **City of Richmond Department of Public Utilities**<br>730 E. Broad Street, 5th Fl<br>Richmond, VA 23219 | **Customer Service**<br><br>DPUcustserv@rva.gov | **Utility** | **Contingent**<br>**Unliquidated**<br>**Disputed** | | | $100,000.00 |
| **Hirschler Fleischer**<br>2100 East Cary Street<br>Richmond, VA 23223 | **David Lionberger**<br><br>dlionberger@hirschlerlaw.com | **Business debt** | **Contingent**<br>**Unliquidated**<br>**Disputed** | | | $50,000.00 |
| **Williams Mullen**<br>1700 Dominion Tower<br>999 Waterside Drive<br>Norfolk, VA 23510 | | **Business debt** | **Contingent**<br>**Unliquidated**<br>**Disputed** | | | $30,000.00 |
| **Dominion Energy**<br>PO Box 26543<br>Richmond, VA 23290 | **Customer Service**<br><br>PMP@support.domenergyvanceb.com | **Utility** | **Contingent**<br>**Unliquidated**<br>**Disputed** | | | $20,000.00 |

Debtor **Model Tobacco Development Group, LLC**  Case number *(if known)*
      Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| **Timmons Group**<br>**1401 E. Cary Street**<br>**Suite 401**<br>**Richmond, VA**<br>**23219** | | **Business debt** | **Contingent**<br>**Unliquidated**<br>**Disputed** | | | $1,350.00 |
| **MK Richmond, LLC**<br>**2000 Massachusetts**<br>**Avenue, NW**<br>**Washington, DC**<br>**20036** | | **Business debt** | **Contingent**<br>**Unliquidated**<br>**Disputed** | | | $1.00 |
| **SS Richmond, LLC**<br>**2000 Massachusetts**<br>**Avenue, NW**<br>**Washington, DC**<br>**20036** | | **Business debt** | **Contingent**<br>**Unliquidated**<br>**Disputed** | | | $1.00 |
| **Kamran Raika**<br>**3219 Sailview Drive**<br>**Midlothian, VA**<br>**23112** | | **Business debt** | **Contingent**<br>**Unliquidated**<br>**Disputed** | | | $1.00 |
| **Christopher A. Harrison**<br>**5301 Westbard Circle**<br>**Suite 147**<br>**Bethesda, MD 20816** | chris@caharrisoncompanies.com | **Business debt** | **Contingent**<br>**Unliquidated**<br>**Disputed** | | | $1.00 |
| **McKenzie Blake Development Co.**<br>**5301 Westbard Circle**<br>**Suite 147**<br>**Bethesda, MD 20816** | | **Business debt** | **Contingent**<br>**Unliquidated**<br>**Disputed** | | | $1.00 |
| **PNC National Bank, N.A.**<br>**300 Fifth Avenue,**<br>**14th Floor**<br>**Pittsburgh, PA**<br>**15222** | | | **Contingent**<br>**Unliquidated**<br>**Disputed** | $1.00 | $0.00 | $1.00 |

```
Cedar Rapids Bank and Trust Co
5400 Council St NE
Cedar Rapids, IA 52402


Christopher A. Harrison
5301 Westbard Circle
Suite 147
Bethesda, MD 20816


City of Richmond
Department of Public Utilities
730 E. Broad Street, 5th Fl
Richmond, VA 23219


Dominion Energy
PO Box 26543
Richmond, VA 23290


Hirschler Fleischer
2100 East Cary Street
Richmond, VA 23223


Kamran Raika
3219 Sailview Drive
Midlothian, VA 23112


McKenzie Blake Development Co.
5301 Westbard Circle
Suite 147
Bethesda, MD 20816


Michael Howes
Troutman Pepper
401 9th Street NW Suite 1000
Washington, DC 20004


MK Richmond, LLC
2000 Massachusetts Avenue, NW
Washington, DC 20036


PNC National Bank, N.A.
300 Fifth Avenue, 14th Floor
Pittsburgh, PA 15222
```

SPE PNC Model Tobacco Master
Tenant LLC


SS Richmond, LLC
2000 Massachusetts Avenue, NW
Washington, DC 20036


Timmons Group
1401 E. Cary Street
Suite 401
Richmond, VA 23219


Virginia Housing Dev Authority
601 S Belvidere Street
Richmond, VA 23220


Walter Parks Architects
313 N. Adams Street
Richmond, VA 23220


Williams Mullen
1700 Dominion Tower
999 Waterside Drive
Norfolk, VA 23510


Winthrop & Weinstine, P.A.
Capella Tower, Suite 3500
225 South Sixth Street
Minneapolis, MN 55402

# United States Bankruptcy Court
## Eastern District of Virginia

In re **Model Tobacco Development Group, LLC**
Debtor(s)

Case No.
Chapter **11**

# CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **Model Tobacco Development Group, LLC** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**CAH Model Tobacco, LLC**
**5301 Westbard Circle, Suite147**
**Bethesda, MD 20816**

**MK Richmond, LLC**
**10505 Dunne Meadow Road**
**Vienna, VA 22182**

**Model Tobacco Master Tenant, LLC**
**5301 Westbard Circle, Suite 147**
**Bethesda, MD 20816**

**SS Richmond, LLC**
**2000 Massachusetts Avenue, NW**
**Washington, DC 20036**

☐ None [*Check if applicable*]

**December 30, 2024**
Date

**/s/ Justin P. Fasano**
**Justin P. Fasano**
Signature of Attorney or Litigant
Counsel for **Model Tobacco Development Group, LLC**
**McNamee Hosea, P.A.**
**6404 Ivy Lane, Suite 820**
**Greenbelt, MD 20770**
**301-441-2420 Fax:301-982-9450**
**jfasano@mhlawyers.com**